UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RICHARD CORRIGAN,

                                           Plaintiff,                          CIVIL ACTION NO.

                                  -against-

                                                                         **COMPLAINT**

CATCH NYC INC., DOUG SPITZER, and
ARIE KOVANT,

                                           Defendants.
------------------------------------------------------------------------X

        Plaintiff Richard Corrigan, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Catch NYC Inc ("Catch"), Doug Spitzer, and Arie Kovant, (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

        1.     This is an action seeking equitable and legal relief for Catch's violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), and Defendants' violations of the New York State Human Rights Law, Executive Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code Title 8 ("NYCHRL").

        2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the ADEA.

        3.     This Court has supplemental jurisdiction over the claims arising under New York state and city laws pursuant to 28 U.S.C. § 1367, in that those claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

1

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

5. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue dated September 5, 2023 (Exhibit 1).

## II. Parties

6. Plaintiff is an individual residing in the state of New York.

7. At all relevant times, Plaintiff was a covered employee within the meaning of the ADEA, NYSHRL, and NYCHRL.

8. Defendant Catch is a privately owned New York corporation with its principal place of business located at 15 East 32nd Street, New York, NY 10016.

9. Defendant Spitzer is an individual residing, upon information and belief, in the State of New York.

10. Defendant Kovant is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Spitzer and Kovant were and still are officers, directors, shareholders, owners, and/or persons in control of Catch, who exercised significant control over Catch's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

12. At all relevant times Defendants employed twenty (20) or more employees.

13. At all relevant times, Defendants were covered employers within the meaning of the ADEA, NYSHRL, and NYCHRL, and at all relevant times, employed Plaintiff.

14. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

15. Plaintiff was employed by Defendants as a Creative Director from in or around January 2012 until on or around June 20, 2022.

16. At the time of the termination of Plaintiff's employment, he was 54 years old.

17. Defendants tout the relative youth of their employees when courting clients, and their website boasts that the median age of its staff is twenty-eight (28) years old.

18. As a Creative Director, Plaintiff was responsible for the management and development of the creative department, and for retention of Defendants' biggest clients.

19. Plaintiff was qualified for the position and played a critical role in the acquisition and retention of Defendants' most important clients, including but not limited to Loews Hotels, Cardtronics, John Guest, and the Island of Curaçao.

20. Throughout his employment, Plaintiff was supervised by Defendant Spitzer, one of the partners of Catch.

21. Plaintiff was never subject to discipline by Defendants, nor were any concerns raised about his performance at work.

22. In early June 2022, Spitzer implied to Plaintiff that due to budgetary constraints, Plaintiff's employment with Defendants would soon end.

23. In response, Plaintiff offered to reduce his salary by thirty percent and surrender his benefits, including health and dental insurance, which would have saved Defendants approximately $12,000 annually.

24. On or around June 13, 2022, having received no response about his offer to lower his salary, Plaintiff presented more alternatives to Spitzer, such as cutting salaries company- wide and/or reducing his own salary even further, to fifty percent of his base salary.

25. Cutting his salary by fifty percent would have reduced Plaintiff's salary to the same level as his direct reports, both of whom were 30 years old at the time and far less qualified than Plaintiff.

26. On or around June 14, 2022, Kovant informed Plaintiff that his regular employment would be terminated and he would only be offered freelance opportunities.

27. As a result, Plaintiff, once again, presented the option of reducing his salary by fifty percent and surrendering his benefits, but received no response.

28. On or about June 18, 2022, Plaintiff received an email from the Defendants' benefits provider stating that his coverage would end at the end of the month.

29. On or around June 20, 2022, Plaintiff's employment was officially terminated, despite his strong performance and his numerous offers to reduce his salary and benefits.

30. At the time of his termination, Plaintiff was 54 years old, which made him the oldest employee at Catch.

31. Defendants chose to retain younger employees with less experience and fewer qualifications than Plaintiff, including a junior designer whom Kovant had stated he did not trust to work on a particular client's account, all while covering their benefits.

32. Rather than accepting the offer to decrease Plaintiff's salary and benefits to that of a junior employee, Defendants chose to terminate his employment while retaining junior employees who had less experience and weaker skill sets than Plaintiff.

33. Defendants' actions make clear that Plaintiff's age was the sole reason for his termination.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST CATCH
(Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*.)

34. Plaintiff repeats and realleges all prior allegations set forth above.

35. At the time of his termination, Plaintiff was the oldest employee at Catch.

36. Plaintiff was qualified for his position and played a critical role in the acquisition and retention of some of Defendants' biggest clients.

37. When informed that his employment would be terminated, Plaintiff offered to reduce his salary by fifty percent and to surrender his benefits.

38. However, Defendants chose to terminate Plaintiff and retain younger employees with less experience and fewer qualifications than Plaintiff.

39. Plaintiff was terminated as a result of his age.

40. Catch's disparate and unlawful treatment of Plaintiff on the basis of his age was in violation of the ADEA.

41. Judgment should be entered in favor of Plaintiff and against Catch on the First Cause of Action for all compensatory, emotional, physical, and liquidated damages, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
(New York State Executive Law, Human Rights Law, § 290 *et seq*.)

42. Plaintiff repeats and realleges all prior allegations set forth above.

43. The NYSHRL prohibits a covered employer from discriminating on the basis of age.

44. Plaintiff was terminated as a result of his age.

45. Defendants' disparate and unlawful treatment of Plaintiff on the basis of his age was in violation of the NYSHRL.

46. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action for all compensatory, emotional, physical, and liquidated damages, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
(New York City Human Rights Law, N.Y.C. Admin. Code Title 8)

47. Plaintiff repeats and realleges all prior allegations set forth above.

48. The NYCHRL prohibits a covered employer from discriminating on the basis of age.

49. Plaintiff was terminated as a result of his age.

50. Defendants' disparate and unlawful treatment of Plaintiff on the basis of his age was in violation of the NYCHRL.

51. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all compensatory, emotional, physical, and liquidated damages, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

WHEREFORE Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front

pay, all reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

b) on the Second Cause of Action on behalf of Plaintiff for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, all reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

c) on the Third Cause of Action on behalf of Plaintiff for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, all reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

d) Interest;

e) Costs and disbursements; and

f) Such other and further relief as is just and proper.

Dated: New York, New York
December 4, 2023

/s/ Nicole Grunfeld
Nicole Grunfeld
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
(212) 460-0047
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff*